UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DONALD R. MARTIN,

                            Plaintiff,

     vs.

COUNTY OF ONONDAGA, MATHEW CARY
DEPUTY SHERIFF; COSTELLO, DEPUTY
SHERIFF; KLASEN, DEPUTY SHERIFF,

                            Defendants.

**STATEMENT OF**
**MATERIAL FACTS**
5:17-cv-756 (TJM/ATB)

---

The Defendants, County of Onondaga, Deputy Sheriff Matthew Carey, Deputy Sheriff Andrew Costello and Deputy Sheriff Daniel Klasen, by their attorney, Robert A. Durr, County Attorney of the County of Onondaga, Carol L. Rhinehart, Deputy County Attorney of counsel, for their statement of material facts pursuant to Local Rule 7.1 state:

### The Parties

1.     Plaintiff, Donald Martin (hereinafter "Plaintiff") is currently incarcerated at the Orleans Correctional Facility in Albion, New York. See Complaint, Doc. No. 1, ¶¶ 2, 4.

2.     Defendant, County of Onondaga (hereinafter "Defendant County") is a municipal corporation and operates a Sheriff's Office under the direction and control of the Onondaga County Sheriff.  See Complaint, Doc No. 1.

3.     The Onondaga County Sheriff promulgates various policies, procedures, rules, regulations, and written directives that members of the Sheriff's Office are required to follow. The Sheriff's Office maintains a policy and procedure directive regarding the use of force, i.e. Sheriff's Office Written Directive Number POL-042 entitled "Subject Management".  Exhibit B. All members of the Sheriff's Office are provided copies of the Directives and are required to

comply with them. See Affidavit of Klasen, ¶ 6.   Further, all members are mandated to attend initial training in the Police Academy which covers use of force training, then attend yearly in-service training on use of force, use of deadly force and justification for using physical force. See Affidavit of Carey, ¶¶ 3, 4; Affidavit of Costello, ¶¶ 2, 3, 4; and Affidavit of Klasen, ¶¶ 3, 4, 5.

4.     Defendants, Matthew Carey (hereinafter "Defendant Carey"), Andrew Costello (hereinafter "Defendant Costello"), and Daniel Klasen (hereinafter "Defendant Klasen") were all veteran Deputy Sheriffs employed by the Defendant County at all times relevant to the incident described herein.  See Complaint, Doc. No. 1; Affidavit of Carey, ¶ 1; Affidavit of Costello, ¶ 2; Affidavit of Klasen, ¶ 1.

5.     Defendants Carey, Costello, and Klasen are fully familiar with the Onondaga County Sheriff's Office written directive on Subject Management and each has attended numerous trainings on use of force.  See Affidavit of Carey, ¶¶ 3, 4; Affidavit of Costello, ¶¶ 2, 3, 4; Affidavit of Klasen, ¶¶ 3, 4, 5, 6.

### Plaintiff's Arrest

6.     In the early morning hours of December 1, 2014, Plaintiff and a companion broke the store front windows of the Quickway Mart located at 106 East Molloy Road in the Town of Salina. See Exhibits G, H, I.

7.     The two then entered the building and filled trash bags with packs of cigarettes. See Exhibits G, H.

8.     During the commission of this crime, an eyewitness observed the actions of Plaintiff and his companion and immediately called 911 to report the burglary.  See Exhibit I.

9.     The 911 Center sent out a dispatch regarding a burglary in progress at the

2

Quickway Mart at 106 East Molloy Road, and Defendants, Carey, Costello and Klasen who were each driving Onondaga County marked Sheriff's patrol vehicles responded.  See Affidavit of Carey, ¶¶ 6, 7; Affidavit of Costello, ¶¶ 7, 8; Affidavit of Klasen, ¶¶ 8, 9.

10.     While Defendants Carey, Costello and Klasen were in route to the burglary location, Plaintiff and his companion exited the building, loaded the trash bags of stolen items into the back seat of a silver PT Cruiser, and pulled out of the store parking lot, turning right onto Toas Avenue.  See Exhibits G, H, I.

11.     The eyewitness advised the 911 dispatcher of Plaintiff's location as he followed Plaintiff, who was driving the PT Cruiser. See Exhibit I.

12.     At one point the eyewitness lost sight of the PT Cruiser, but eventually observed it again as it turned left onto Boulevard Street.  See Exhibit I.

13.     Defendant Carey, who had adjusted his route of travel based on the information he received from Dispatch, was approaching the intersection of Boulevard Street and Lemoyne Avenue when he observed a gray PT Cruiser turn left onto Boulevard Street and head towards the traffic light at the intersection directly across from his location.  See Affidavit of Carey, ¶¶ 10-12.

14.     At the time, Defendant Carey's emergency lights were not engaged. See Affidavit of Carey, ¶ 9.

15.     While Defendant Carey was stopped at the traffic control signal at the intersection of Boulevard Street and Lemoyne Avenue he observed Plaintiff stop at the light and signal to make a left turn onto Lemoyne Avenue.  See Affidavit of Carey, ¶ 13.

16.     Defendant Carey did not engage the Plaintiff, but waited for the other units to

3

arrive.  See Affidavit of Carey, ¶ 13.

17.     Within seconds, Defendant Klasen turned onto Boulevard Street and approached Plaintiff's vehicle from the rear with his emergency lights engaged.  See Affidavit of Carey, ¶ 14; Affidavit of Costello, ¶ 11; Affidavit of Klasen, ¶¶ 13-14.

18.     At nearly the same time Defendant Costello arrived, approaching the intersection of Boulevard Street and Lemoyne Avenue from behind Defendant Carey.  Defendant Costello's emergency lights were in operation.  See Affidavit of Costello, ¶¶ 8, 11; Affidavit of Carey, ¶ 14; Affidavit of Klasen, ¶ 14.

19.     Just as the traffic control signal changed from red to green all three patrol vehicles converged on Plaintiff's vehicle leaving him no route to escape.  See Exhibit I, p. 4; Affidavit of Carey, ¶ 15; Affidavit of Costello, ¶¶ 12-13; Affidavit of Klasen, ¶ 14; see also Exhibit A, recording number ending in 3301, at approximately 2 minutes 42 seconds and recording number ending in 2701, at approximately 1 minute 54 seconds.

20.     Plaintiff immediately drove his vehicle forward, striking Defendant Carey's and Defendant Costello's patrol vehicles.  See Affidavit of Carey, ¶ 15; Affidavit of Costello, ¶ 14; Affidavit of Klasen, ¶ 14; see also Exhibit A, recording number ending in 3301 at approximately 2:42 to 3:02 and recording number ending in 2701 at approximately 1:54 to 2:14; Exhibits G, H, and I, p. 4.

21.     All three deputies exited their vehicles while yelling at Plaintiff "stop the vehicle" and "get out of the car".  See Exhibit I, p. 4-5; Affidavit of Carey, ¶ 16; Affidavit of Costello, ¶16; Affidavit of Klasen, ¶ 17.

22.     Plaintiff, in an attempt to evade lawful arrest, ignored the Defendant's commands

4

and put his vehicle in reverse slamming into Defendant Klasen's patrol car.  See Exhibits G, H, I, p. 4; Affidavit of Carey, ¶ 17; Affidavit of Costello, ¶ 17; Affidavit of Klasen, ¶ 16; and Exhibit A, recording number ending in 3301 at approximately 2:42 to 3:02 and recording number ending in 2701 at approximately 1:54 to 2:14.

23.     Plaintiff, while knowing that the deputies were outside of their vehicles and in close proximity to his vehicle, recklessly continued to accelerate his vehicle back and forth striking the patrol vehicles with more and more force upon each impact. See Affidavit of Klasen, ¶ 17; see also Exhibits H, I.

24.     During Plaintiff's reckless escape attempt he struck Defendant Carey's vehicle with so much force that Defendant Carey's vehicle was pushed into Defendant Carey, causing him to sustain physical injury. See Affidavit of Carey, ¶ 19; Exhibit D, p.4-5.

26.     Plaintiff's actions caused all three deputies to fear for their own lives as well as the lives of the other deputies at the scene.  See Affidavit of Carey, ¶¶ 20-22; Affidavit of Costello, ¶¶ 16, 17, 20; Affidavit of Klasen, ¶¶ 17, 18, 20.

26.     Then Plaintiff directed his vehicle at Defendant Carey and quickly accelerated forward. Both Defendants Costello and Klasen reasonably believed that Defendant Carey was in imminent danger of death or serious injury so they drew their weapons with the intention of firing at the Plaintiff to stop the threat. See Affidavit of Costello, ¶¶ 18-20; Affidavit of Klasen, ¶¶ 18-20; see also Exhibit A and Exhibit I.

27.     As Plaintiff's vehicle approached Defendant Carey, Defendant Carey, in fear for his life, fired one round from his service weapon striking Plaintiff in the head, incapacitating the Plaintiff.  See Affidavit of Carey, ¶¶ 22-23; Affidavit of Costello, ¶¶ 21-22; Affidavit of Klasen,

5

¶ 21; see also Exhibit A.

28.     Both Plaintiff and his companion were taken into custody, and Plaintiff was transported to a hospital for treatment.  See Affidavit of Carey, ¶ 25; Affidavit of Costello, ¶¶ 24, 26; Affidavit of Klasen, ¶ 25.

29.     The scene was then secured and processed. Each of the deputies prepared various statements and reports documenting the use of deadly force as well as his involvement in the incident. See Affidavit of Carey, ¶ 28 with Exhibits J, K, L; Affidavit of Costello, ¶27 with Exhibits M, N; Affidavit of Klasen, ¶ 26 with Exhibits O, P; see also Exhibit E.

30.     As a result of the incident, Plaintiff was charged with Burglary in the second degree, Criminal Mischief in the third degree, Criminal Possession of Stolen Property in the third degree, Grand Larceny in the third degree, Resisting Arrest, and Attempted Assault in the first degree.  See Exhibit F.

31.     Shortly after the incident, pursuant to Sheriff's Office policy and procedure, the Sheriff's Office Subject Management Review Committee reviewed the use of deadly force employed by Defendant Carey and determined that the use of force was authorized under Article 35 of the New York State Penal Law, objectively reasonable, and consistent with Sheriff's Office policy and procedure and training.  See Exhibit B and Exhibit E.

32.     Further, in January 2015, an Onondaga County Grand Jury reviewed the incident. No criminal charges were filed against Defendant Carey.  See Affidavit of Carey, ¶ 30.

33.     On October 6, 2015, in Onondaga County Court, Plaintiff voluntarily pled guilty to Assault in the second degree in violation of section 120.05-03 of the New York State Penal Law, admitting that on or about December 1, 2014, he acted with intent to prevent a police

6

officer from performing a lawful duty and caused physical injury to Deputy Carey. See Exhibits C, D, p 4.

34.     Plaintiff also voluntarily pled guilty to several other charges including Burglary in the second degree and Reckless Endangerment in the second degree, admitting that on or about December 1, 2014, he knowingly entered or remained unlawfully in a building at 106 East Molloy Road with the intent to commit a crime therein, and that while in the immediate flight therefrom he used a dangerous instrument consisting of a vehicle.  See Exhibits C, D, p. 5.

### Plaintiff's Claims

35.     On July 12, 2017, Plaintiff commenced this civil rights action in Federal District Court against the County of Onondaga, Deputy Matthew Carey, Deputy Andrew Costello and Deputy Daniel Klasen alleging claims for excessive use of force during his arrest on December 1, 2014, failure to intervene in the alleged excessive force, falsifying reports of the incident, and failing to train employees in the constitutional limitations on the use of deadly force.  See Complaint, Doc. No. 1.

Dated: June 4, 2018

ROBERT A. DURR, County Attorney
Carol L. Rhinehart, of counsel
Bar Roll No. 509096
Attorney for Defendants
Onondaga County Dept. of Law
421 Montgomery St., 10th Floor
Syracuse, NY 13202